DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

MINGTAI FIRE & MARINE INSURANCE CO. :
LTD.,
                                           08 Civ.
                    *Plaintiffs*,          :
        - against -                        :  **COMPLAINT**

A.P. MOLLER-MAERSK A/S d/b/a MAERSK        :
LINE and CIF INTERNATIONAL GROUP, INC.,
                                           :
                    *Defendant*.
                                           :
------------------------------------x

08 CIV. 1639

JUDGE CEDARBAUM

Plaintiff Mingtai Fire & Marine Company, Ltd. (hereinafter "Mingtai" or "Plaintiff") by its undersigned attorneys, Maloof Browne & Eagan LLC, for their Complaint allege, upon information and belief, as follows:

1. This action arises under the Court's federal question jurisdiction (28 U.S.C. 1331), maritime jurisdiction under 28 U.S.C. 1333 and under Rule 9(h) of the F.R.C.P. and/or supplemental jurisdiction (28 U.S.C. 1367) as hereinafter more fully appears.

2. Plaintiff Mingtai is an insurance company organized and existing under the laws of a foreign country and is the insurer of the Shipment that is the subject of this action, as more fully described below.

3. Defendant A.P. Moller-Maersk A/S d/b/a Maersk Line (hereinafter "Maersk") is a corporation organized and existing under the laws of a foreign country, was and is doing

1

business as a common carrier of goods for hire, and has its principal United States place business in the New York metropolitan area.

4. Defendant CIF International Group, Inc. (hereinafter "CIF") is a corporation organized and existing under and by virtue of the laws of the State of Florida, with its U.S. principal place of business in Miami, Florida, and was and is doing business as a common carrier of goods for hire.

5. Venue is proper here within the meaning of 28 U.S.C. § 1391. Defendants reside within this District within the meaning of 28 U.S.C. § 1391(c). Defendant Maersk's bill of lading terms provide for suit to be brought in this District.

6. On or about January 15, 2007, at the Port of Everglades in Miami, Florida, there was shipped by LG Electronics and delivered to Defendants CIF and Maersk and was loaded aboard the M/V Newark, a consignment of 20,200 pieces of Computer Parts, then being in good order and condition (the "Shipment"), as more fully described in certain bills of lading numbered 511868523 and CIF22075, both dated on or about January 15, 2007.

7. Defendants CIF and Maersk accepted the Shipment and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants agreed to transport and carry said Shipment to Santos, Brazil, and thereafter deliver the Shipment in like good order and condition to Plaintiff's assured and/or designee.

8. Defendants made delivery of the Shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, short and impaired in value, all in violation of Defendants' obligations and duties as common carriers, and to perform their services with respect to the Shipment in a careful, workmanlike manner, and otherwise in violation of their duties.

9. Plaintiff Mingtai insured the Shipment and has incurred, and will incur, losses as a result of the damage to the Shipment. Plaintiff is duly entitled to maintain this action.

10. Plaintiff and its assured have performed all conditions on their parts to be performed.

11. By reason of the foregoing, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $42,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER COGSA AND/OR APPLICABLE TREATIES AS TO THE SHIPMENT

12. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 11 above.

13. By reason of the foregoing, Defendants were common carriers of merchandise by water for hire within the meaning of the Carriage of Goods By Sea Act and/or applicable treaties for the carriage of goods by sea and breached their duties as carriers under that Act and/or treaties and under the contract of carriage entered into by the Defendants.

14. By reason of the foregoing, Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $42,000.00.

## SECOND CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE SHIPMENT

15. Plaintiff incorporates herein by reference the allegations of paragraphs 1

through 14 above.

16. The Defendants, directly or through its employees, agents or independent contractors, willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Shipment that a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as was reasonably required and would be sufficient to prevent the damage to the Shipment.

17. The Shipment suffered loss as alleged herein, as a proximate result of Defendants' said willful, reckless and/or negligent and/or grossly negligent conduct.

18. The Defendants are accordingly liable to Plaintiff in an amount estimated to be or exceed U.S. $42,000.

### THIRD CAUSE OF ACTION

#### BREACH OF BAILMENT OBLIGATIONS
#### AS TO THE SHIPMENT

19. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 18 above.

20. The Defendants, at relevant times, acted as carriers and/or bailees of or otherwise had a duty to care for the Shipment at the time it was in their custody. The Defendants thereby, or through its contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendants breached those obligations and

negligently failed to deliver to Plaintiff's assured's designees or consignees the Shipment in as complete and good condition as when entrusted to them.

21. By reason of the foregoing, Defendants have caused damage as alleged herein to Plaintiff, and are liable to Plaintiff for such damages in an amount estimated to be or exceed U.S. $42,000.00.

WHEREOF, Plaintiff prays:

1. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs, and the disbursements of this action;

2. That this Court will grant to Plaintiff such other and further relief as may be just and proper.


Dated: Rye, New York
       February 19, 2008

                                        MALOOF BROWNE & EAGAN LLC

                                        By: _____
                                            David T. Maloof (DM 3350)
                                            Thomas M. Eagan (TE 1713)
                                        411 Theodore Fremd Avenue, Suite 190
                                        Rye, New York 10580-1411
                                        Tel: (914) 921-1200
                                        Fax: (914) 921-1023
                                        Email: dmaloof@maloofandbrowne.com
                                               teagan@maloofandbrowne.com
                                        *Attorneys for Plaintiff*

F:\WP-DOCS\2506.02\021908 Complaint.doc